OPINION
This is an appeal from the Ashtabula County Court of Common Pleas. Appellant, Amir Muhammad, challenges the sentence imposed on him.
On September 9, 1999, the Ashtabula County Grand Jury indicted appellant with the following: count one, grand theft, a felony of fourth degree, in violation of R.C. 2913.02(A)(1); count two, receiving stolen property, a felony of fourth degree, in violation of R.C. 2913.51(A); counts three and four, failure to comply, felonies of the fourth degree, in violation of R.C. 2921.331(B), (C)(1), and (C)(3); and count five, attempted grand theft, a felony of fifth degree, in violation of R.C.2923.02 and 2913.02(A)(1).
At the arraignment, on September 14, 1999, appellant entered a plea of not guilty to all of the counts. On October 7, 1999, a plea hearing was held in compliance with Crim.R. 11(C). At the hearing, appellant withdrew his plea of not guilty, and pursuant to a plea negotiation with appellee, the state of Ohio, he entered a plea of guilty to one count of grand theft and one count of failure to comply. Appellee then moved to dismiss the remaining counts, which the trial court granted. Appellee further stated that it had "no recommendation as to sentencing." The trial court deferred sentencing so a presentence investigation could be performed.
A sentencing hearing was conducted on November 30, 1999. A different assistant prosecutor than the one that appeared at the plea hearing represented appellee. Prior to imposing sentence, a criminal justice counselor from the Lake Area Recovery Center spoke in appellant's behalf and explained that appellant entered a group therapy with her, and he mentioned that the crimes he was charged with occurred due to his addiction. Even though no formal assessment of appellant had ever been done, the counselor opined that based on appellant's own statements "his behavior and certainly his criminal activity is indicative of one who's in the chronic stage of addiction * * *."
Following appellant's counselor's statements, appellant's attorney spoke and admitted that appellant had a lengthy criminal history and that he had "been to prison more than once or twice. And * * * he's had the opportunity to be on probation before and has failed on the terms and conditions of that probation, but one thing that has been consistent throughout his criminal activity is that it has been * * * non-violent in nature." Appellant's defense counsel suggested that he be given an opportunity to enter an inpatient treatment program. Appellant's attorney also had a letter from a treatment program, which stated that "while * * * [appellant] has been to prison several times and has been through drug and alcohol treatment, it does not appear he has been in a program designed to address his criminogenic behavior."
Appellant then spoke in his own behalf. He recognized that he had a lengthy criminal record and stated that he needed help.
Following appellant's comments, the prosecutor illustrated appellant's criminal history in detail pursuant to the presentence investigation report. The prosecutor proceeded to "respectfully request that this [appellant] be sentenced to prison; that these sentences run consecutively to one another * * *."
At the conclusion of the prosecutor's recommendations, the trial judge adopted the prosecutor's presentation of appellant's criminal record because he felt that she covered all of the dates and convictions accurately. The trial court noted that on a number of occasions, appellant was sentenced and had been granted probation, "and in every one of theses cases, he was ultimately * * * found to be a probation violator and later had his sentence reimposed." The trial court added that appellant was a repeat offender because he had over thirteen criminal convictions, and for eleven of them prison sentences were imposed. He further stated that this was "one of the worst prior criminal records that [he had] ever seen * * *." The court found appellant's past criminal record to be the overriding factor of the case because appellant committed the same crime on numerous other occasions. The court also did not find that appellant had been rehabilitated to any degree, nor did he show any remorse. The court concluded that appellant was "not amenable to any available community control sanctions as he was placed on probation on at least three prior occasions. He violated those prior probations, and he continues to engage in criminal activity."
In selecting to impose the maximum sentence, the trial court reasoned that appellant definitely possessed the greatest likelihood of committing future crimes. The court also determined that consecutive sentences were needed to protect the public.
In a judgment entry dated November 30, 1999, the trial court sentenced appellant to a prison term of eighteen months on each count to run consecutively. He received a credit of one hundred twenty-five days for time already served, along with future custody. Further, the trial court ordered that appellant's driving privileges be suspended for three years. On December 27, 1999, appellant timely filed this notice of appeal and now raises a single assignment of error:
 "[Appellee] violated the terms of the negotiated plea when it recommended to the trial court at the time of the sentencing hearing that [appellant] be sentenced to consecutive prison terms."
 Appellant's sole contention is that appellee violated the terms of the negotiated plea agreement when it recommended to the trial court that appellant be sentenced to consecutive prison terms.
It is well settled that an appellate court will not reverse a sentence unless an appellant demonstrates that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors. State v. Chapman (Mar. 17, 2000), Portage App. No. 98-P-0075, unreported, at 10, 2000 WL 286684. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
Appellant states that the case of Santobello v. New York (1971),404 U.S. 257, requires that a promise made by a prosecutor as part of a plea agreement must be fulfilled in its entirety regardless of whether a failure to deliver on the promise actually affected the trial judge's sentencing decision.
In Santobello, the prosecutor promised to refrain from making any recommendations to the court about how the appellant should be sentenced as part of the plea agreement and in exchange for the appellant's plea. Yet, during sentencing, a different prosecutor recommended the maximum sentence. The Supreme Court held that the appellant bargained for a particular plea agreement, which included that the prosecutor would not make any sentencing recommendations. Id. at 262. The Supreme Court further stated that the terms of a plea agreement must be fulfilled in their entirety, regardless of whether the prosecutor's recommendation actually influenced the trial judge's sentencing decision. Id. at 262-263. Accordingly, the Supreme Court ordered that the case be remanded to allow the appellant to withdraw his guilty plea or to be re-sentenced by another judge. Id. at 263.
In the instant matter, the transcript from the plea hearing shows that the prosecutor stated that there would be no recommendation as to sentencing before appellant entered his plea. Yet, in the written plea agreement, there was no reference to the prosecutor's oral statement that he would make no recommendation as to the sentence. Pursuant toSantobello, a prosecutor has an affirmative obligation to fulfill the terms of a plea agreement in their entirety. This case can be distinguished from Santobello because here, the prosecutor at the plea hearing orally stated that there would be no recommendation as to sentencing to the trial court. Since the comment was not made part of the negotiated plea, the prosecutor did not have an affirmative obligation to fulfill it. Further, the record reveals that the prosecutor at the sentencing hearing, although different than the one that appeared at the plea hearing, requested that appellant be sentenced to prison and that the sentences run consecutively to one another. She did not recommend the maximum sentence.
Moreover, in the case at bar, the written plea agreement did not contain any notation of appellee's agreement, a matter which appellant could have easily cured at the time of the plea hearing. Thus, there was no contract binding the prosecution to refrain from commenting on the sentence. In addition, at the plea hearing, appellant stated that he was not promised anything or coerced to change his plea. Finally, at the sentencing hearing, appellant did not make any objection regarding the recommendation the prosecutor made as to sentencing, nor did he file a motion to withdraw the plea. A reviewing court generally considers only those errors raised initially in the trial court. See State ex rel.Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78, 81; Owners Mgt.Co. v. Moore (1996), 111 Ohio App.3d 820, 825.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.